UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JAMES PETTUS,

              Plaintiff,

    -against-

HON. GUY MANGANO, JR.,
A.D.A. FRANK DUDIS,

              Defendants.
-----------------------------------------------------------X

**MEMORANDUM
AND ORDER
05-CV-1834 (RJD)**

DEARIE, District Judge:

Plaintiff James Pettus, who is currently incarcerated at Elmira Correctional Facility, brings this action *pro se* pursuant to 42 U.S.C. § 1983 against the judge and prosecutor involved in the criminal case that resulted in his current incarceration. Plaintiff has filed at least thirteen prior actions in this Court since 2001, including two meritless prior actions against defendant Frank Dudis. See Pettus v. Duois, A.D.A., No. 04-CV-4296 (RJD); Pettus v. Dudis, No. 03-CV-2127 (RJD). In light of plaintiff's extensive history of filing meritless lawsuits, chronicled in Pettus v. Clarke, No. 03-CV-2554 (RJD), slip op. at 4 (E.D.N.Y. Aug. 14, 2003), this Court has barred plaintiff pursuant to 28 U.S.C. § 1915(g) from filing any *in forma pauperis* complaints unless he is under imminent danger of serious physical injury. Pettus v. Parris, No. 03-CV-4725 (RJD), slip op. at 2 (E.D.N.Y. Oct. 22, 2003).

The instant complaint, filed *in forma pauperis*, alleges that defendants' actions in convicting and sentencing plaintiff have placed him in imminent danger of serious physical injury by causing him to be incarcerated in a maximum security facility with "anti-social, aggressive, hostile, and violent inmates." Complaint, ¶ IV (Attachment, p. 1) (emphasis omitted). These conclusory allegations, however, are insufficient to make out the "imminent danger" exception under 28 U.S.C. § 1915(g).

Section 1915(g), commonly known as the "three strikes" rule, provides:

> In no event shall a prisoner bring a civil action ... if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The "imminent danger" exception contained in the final phrase of § 1915(g) was enacted by Congress to create "a safety valve ... to prevent impending harms ...." Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002) (quoting Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir.), cert. denied, 533 U.S. 953 (2001)). Thus, in order to pose an imminent danger, "the threat ... [must be] real and proximate" and "the harm must be imminent or occurring at the time the complaint is filed." Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003); see Malik, 293 F.3d at 562-63.

While maximum security prisons may be dangerous places for the very reasons that plaintiff states in his complaint, plaintiff's complaint does not allege that plaintiff is in "imminent danger" within the meaning of § 1915(g). Plaintiff does not allege that he faces any specific danger at Elmira Correctional Facility. Rather, he speculates that he, like any other inmate at the facility, faces potential danger at the hands of other inmates. Were this Court to hold that such speculation is sufficient to satisfy the "imminent danger" requirement, this Court would effectively create a blanket exception to the "three strikes" rule for all inmates of maximum security prisons.

Moreover, even assuming that plaintiff could allege that he faces specific, imminent danger at Elmira Correctional Facility, such allegations would be insufficient to permit plaintiff to bring this

2

§ 1983 action. As noted above, the "imminent danger" exception exists to permit inmates to bring lawsuits "to prevent impending harms." Malik, 293 F.3d at 563. However, since "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement,'" Wilkinson v. Dotson, ___U.S.___, 125 S.Ct. 1242, 1245 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)), plaintiff's complaint properly seeks only to recover money damages for defendants' alleged wrongdoing in placing him in prison, not plaintiff's release from custody or his transfer to another institution. See Complaint, ¶ V. Therefore, even if plaintiff could show he faced imminent danger at Elmira Correctional Facility, such a showing would not justify permitting plaintiff to proceed with this § 1983 action, which would do nothing to prevent any impending harm.

Conclusion

Accordingly, the instant complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is barred by the "three strikes" provision as there is no showing that plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The bar against future filings remains in effect. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May 9, 2005

RAYMOND J. DEARIE
United States District Judge